# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Judgment in a Criminal Case** |
| v. | (For a Petty Offense) |
| | Case No.  11-30002 |
| RICKY LEE RODRIGUEZ | USM No.  43034-039 |
| _____ / | |
| | Defendant's Attorney: Elias Escobedo |

**THE DEFENDANT**  pleaded guilty to Count 1 of the Information.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 113(a)(5), 1151, and 1152 | Simple Assault | July 30, 2011 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Judgment: August 19, 2011

Date Signed:  August 25, 2011


                                                         s/ *Charles E. Binder*
                                                         CHARLES E. BINDER
                                                         United States Magistrate Judge

AO 245I  (Rev. 12/07)  Judgment in a Criminal Case for a Petty Offense                                          Sheet 2 — Imprisonment
                                                                                                                 Judgment — Page 2 of 5

DEFENDANT: Ricky Lee Rodriguez
CASE NUMBER: 11-po-30002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **three (3) months**.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this Judgment.


_____          _____
Deputy United States Marshal                     Date

AO 245I (Rev. 12/07) Judgment in a Criminal Case for a Petty Offense                Sheet 3 — Criminal Monetary Penalties
                                                                                                  Judgment - Page 3 of 5

DEFENDANT: Ricky Lee Rodriguez
CASE NUMBER: 11-po-30002

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 4.

|           | **Assessment** | **Fine** | **Restitution** |
|-----------|----------------|----------|-----------------|
| **TOTALS**: | $10.00       | waived   | not applicable  |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245I (Rev. 12/07) 1:11-po-30002-CEB Doc # 8 Filed 08/25/11 Pg 4 of 5 Pg ID 23 Sheet 5 — Probation
Judgment in a Criminal Case for a Petty Offense
Judgment—Page 4 of 5

DEFENDANT: Ricky Lee Rodriguez
CASE NUMBER: 11-po-30002

## **PROBATION**

The defendant is hereby sentenced to probation for a term of **twelve months (12).**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### **STANDARD CONDITIONS OF SUPERVISION**

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT:  Ricky Lee Rodriguez
CASE NUMBER: 11-po-30002

## SPECIAL CONDITIONS OF SUPERVISION

1.  If necessary, the defendant shall participate in a program approved by the Probation Department for mental health counseling.

2.  The defendant shall participate in a program approved by the Probation Department for substance abuse, which program may incude testing to determine if the defendant has reverted to the use of drugs or alcohol.

3.  The defendant is remanded to the custody of the Bureau of Prisons for a term of three (3) months intermittent custody.

4.  The defendant shall not use or possess alcohol in any consumable form, nor shall he/she be in the social company of any person who the defendant knows to be in possession of alcohol or illegal drugs or visibly affected by them.  The defendant shall not be found at any place that serves alcohol for consumption on the premises, with the exception of restaurants.

5.  The defendant shall be lawfully, gainfully employed on a full-time basis, or shall be seeking such lawful, gainful employment on a full-time basis.  Full time is defined as 35 hours per week.  In the event that the defendant has part-time employment, he shall devote the balance of such 35 hours per week to his efforts of seeking additional employment.

6.  The defendant shall take all medications as prescribed by a physician whose care he is under, including a psychiatrist, in the dosages and at the times proposed.  If the defendant is prescribed a medication, he shall take it, and the defendant shall not discontinue medications against medical advice.